UNITED STATES DISTRICT COUR
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RAMONA ESTRELLA, | : | Hon. Joseph H. Rodriguez |
| Plaintiffs, | : | Civil Action No. 154286 |
| v. | : | OPINION |
| ERIC KFIR YAHAV, M.D., CAMCARE HEALTH CORPORATION, TEVA PHARMACEUTICALS USA, INC., | : : : | |
| Defendants. | : | |

This matter is before the Court on Defendants' motion to dismiss the Complaint [Doc. 3], Plaintiff's motion to remand [Doc. 4], and Defendants' motion to vacate default entered in State court [Doc. 10]. The Court has considered the motions on the papers pursuant to Federal Rule of Civil Procedure 78(b).

Background & Procedural History

This matter was originally filed in the Superior Court of New Jersey, Law Division, Cumberland County on August 25, 2014 seeking damages for injuries sustained as the result of alleged medical malpractice. (Doc. 1, Not. Removal, Ex. B.) It was removed to this Court on June 23, 2015 on the asserted ground that Defendants Eric Kfir Yahav, M.D. and CAMCare Health Corporation were federal employees under the Federally Supported

1

Health Centers Assistance Act of 1995 ("FSHCAA"), 42 U.S.C. § 233(c) and (g). (Not. Removal.) The Notice of Removal stated: [a]t all times relevant to this Complaint, the [removing] Defendants were deemed employees of the United States pursuant to 42 U.S.C. § 233(g)." (Id. at ¶ 3.) Attached as an exhibit was a June 15, 2015 Certification by an Assistant United States Attorney asserting that the removing Defendants "were acting within the scope of their employment as employees of the United States at the time of the conduct alleged in the Complaint." (Id., Ex. D.)

At the time of removal, removing Defendants stated they had not been properly served in the manner specified by Federal Rule of Civil Procedure 4(i). (Id. at ¶ 1.) It appears, however, that Yahav and CAMCare were served on September 30, 2014 and October 2, 2014, respectively. (Rooney Cert., ¶ 4 & Ex. B, C.) The State court docket indicates that Proof of Service as to CAMCare was filed on January 23, 2015 and as to Yahav on February 17, 2015. (Not. Removal, Ex. A.) A third Defendant, Teva Pharmaceuticals, filed an Answer in State court on November 20, 2014. (Id.) Because removing Defendants failed to answer or otherwise respond to the suit, Plaintiff requested that the Clerk in State court enter default against them on May 4, 2015. (Id.; Rooney Cert., ¶ 7 & Ex. E.) More than

2

six weeks later, the United States removed the case to this Court. (Doc. 1, Not. Removal; Rooney Cert., Ex. G, H.)

On July 16, 2015, the removing Defendants filed a motion to dismiss the Plaintiff's Complaint for lack of subject matter jurisdiction because Plaintiff allegedly failed to exhaust available administrative remedies. [Doc. 3.] Removing Defendants first argue that the United States should be substituted as Defendant in their place because the Attorney General has delegated certification authority to the individual United States Attorneys by 28 C.F.R. § 15.4, so the Certification of Scope of Employment filed in this Court on June 11, 2015 by the Chief of the Civil Division of the United States Attorney's Office for the State of New Jersey suffices to substitute the United States as the only appropriate Defendant in this suit for personal injuries arising out of the alleged negligence of removing Defendants.[1] [Doc. 3 Br., pp. 2-4.]

---

[1] 28 U.S.C. § 2679(d)(2) provides, in relevant part, that: "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed . . . at any time before trial . . . to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant."

Next, removing Defendants argue that because Plaintiff did not present her claim against the United States to the applicable federal agency and receive a denial letter, she has not exhausted her administrative remedies under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a), and this Court is without federal subject matter jurisdiction to hear the case.  [Doc. 3 Br., pp. 4-6.]

Subsequently, on August 25, 2015, the United States filed the Health Resources and Services Administration FTCA Deeming Notices for CAMCare Health Corporation for calendar years 2011-13.  [Doc. 11, Taylor Decl., Ex. A.]  Also on August 25, 2015, removing Defendants filed a motion to vacate the default entered by the State court on May 4, 2015.  [Doc. 10.]

Plaintiff has opposed Defendants' motion to dismiss and on August 3, 2015 filed a motion to remand the case back to State court.  [Doc. 5, 4.]  She argues that the United States lacked standing to remove the case, move to substitute itself, or move to dismiss because it failed to meet the strict requirements for removal. [2]  Plaintiff further argues that, at the least, the

---

[2] 42 U.S.C. § 233 provides:

(c) Removal to United States district court; procedure; proceeding upon removal deemed a tort action against United States; hearing on motion to remand to determine availability of remedy against United States; remand to State court or dismissal

4

case should be automatically stayed pending limited discovery and a hearing to inquire into this Court's subject matter jurisdiction.  Finally, Plaintiff argues that the individual doctor is not necessarily considered an employee or contractor of the United States.

Applicable Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) may involve either a facial challenge to subject matter jurisdiction

---

> Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto. Should a United States district court determine on a hearing on a motion to remand held before a trial on the merit that the case so removed is one in which a remedy by suit within the meaning of subsection (a) of this section is not available against the United States, the case shall be remanded to the State Court: *Provided*, That where such a remedy is precluded because of the availability of a remedy through proceedings for compensation or other benefits from the United States as provided by any other law, the case shall be dismissed, but in the event the running of any limitation of time for commencing, or filing an application or claim in, such proceedings for compensation or other benefits shall be deemed to have been suspended during the pendency of the civil action or proceeding under this section.

or a factual challenge to the jurisdictional allegations.  Gould Elec., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).  If the defendant's attack is facial—i.e., "asserting that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction"—a court must accept all allegations in the complaint as true.  Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006).  Alternatively, a defendant may "challenge a federal court's jurisdiction by factually attacking the plaintiff's jurisdictional allegations as set forth in the complaint."  Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  A factual challenge attacks the existence of a court's subject matter jurisdiction apart from any of the pleadings and, when considering such a challenge, a presumption of truthfulness does not attach to a plaintiff's allegations."  Id.; see also Martinez v. U.S. Post Office, 875 F. Supp. 1067, 1070 (D.N.J. 1995).

"An attack on subject matter jurisdiction that is based on a lack of administrative exhaustion is a factual challenge and not a facial one."  See, e.g., J.H. ex rel. J.H. v. Egg Harbor Twp. Bd. of Educ., No. 08–488, 2009 WL 1322514, at * 2 (D.N.J. May 11, 2009); Courtney v. Choplin, 195 F. Supp. 2d 649, 650 (D.N.J. 2002).  When reviewing such a factual attack, the Court may consider evidence outside the pleadings.  Id. at 3.

6

## Analysis

"In part due to the relatively high cost of obtaining malpractice insurance for treatment of . . . high-risk patients . . . the efforts to provide necessary medical care in . . . underserved areas initially faced significant roadblocks." Wilson v. Big Sandy Health Care, Inc., 576 F.3d 329, 333 (6th Cir. 2009). "In response, Congress passed the Federally Supported Health Centers Assistance Act of 1992, [("FSHCAA"), 42 U.S.C. §§ 201, 233]." Lomando v. United States, 667 F.3d 363, 371 (3d Cir. 2011). The FSHCAA "created a process by which 'public and nonprofit private entities' receiving federal funds pursuant to 42 U.S.C. § 254b(c)(1)(A) and health practitioners that such entities employ 'shall be deemed to be [employees] of the Public Health Service.' 42 U.S.C. § 233(g)(1)(A)." Id.

"[A]n action against the United States under the FTCA is the exclusive remedy for persons alleging 'personal injury, including death, resulting from the performance of medical . . . or related functions' by Public Health Service employees acting within the scope of their employment. 42 U.S.C. § 233(a); see also 42 U.S.C. § 233(g)(1)(A) (reiterating subsection 233(a)'s exclusivity clause)." Lomando v. United States, 667 F.3d 363, 371-72 (3d Cir. 2011). The FTCA requires a claimant to exhaust administrative

remedies before bringing suit against the United States and provides, in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss or property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Section 2675(a) requires "complete exhaustion of Executive remedies before invocation of the judicial process." McNeil v. United States, 508 U.S. 106, 112 (1993); see also id. at 113 (holding "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies"). "No claim can be brought under the FTCA unless the plaintiff first presents the claims to the appropriate federal agency and the agency renders a final decision on the claim." Shelton v. Bledsoe, 775 F.3d 554, 569 (3d Cir. 2015). In the Third Circuit, this exhaustion requirement "is jurisdictional and cannot be waived." Id. at 569.

A 1988 amendment to the FTCA known as the Westfall Act, 28 U.S.C. § 2671 "provides that tort claims filed in state court against federal

employees acting within the scope of their employment 'shall be removed . . . to the district court of the United States [where the claim is pending] . . . and the United States shall be substituted as the party defendant.'  28 U.S.C. § 2679(d)(2)."  Santos ex rel. Beato v. United States, 559 F.3d 189, 193 (3d Cir. 2009).  The Westfall Act also "includes a clause that saves from being barred by the statute of limitations certain timely claims filed in the wrong forum, such as in a state or a federal court rather than with the appropriate administrative agency.  Pursuant to this savings clause an errant plaintiff whose suit is removed to a district court, and then dismissed because she failed to bring the timely required administrative claim, will be credited with the date that she filed her claim in the wrong forum for purposes of the FTCA's statute of limitations. Such claims will be deemed timely under section 2401(b) if (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.  28 U.S.C. § 2679(d)(5)."  Id. 193-94.

    Because the Government had the ability pursuant to 42 U.S.C. § 233(c) to remove the case from State court at any time before trial, see Celestine v. Mount Vernon Neighborhood Health Center, 403 F.3d 76, 81 (2d Cir. 2005), Plaintiff has no grounds for remand.  Further, there is no

9

question that the record supports a finding that removing Defendants were deemed employees of the United States acting within the scope of such employment as employees of the United States at the time of the conduct alleged in the Complaint. As such, because Plaintiff has failed to exhaust administrative remedies as required by the FTCA, the Court must dismiss the matter for lack of subject matter jurisdiction.

An appropriate Order will be entered.


Dated: March 28, 2016                    /s/ Joseph H. Rodriguez
                                         JOSEPH H. RODRIGUEZ
                                              U.S.D.J.